John I. FOSTER et al.

v.

Daniel B. HON et ux., et al.

Intervening Petition of
Charles O. HON, Jr., et al., Appellants,

v.

Raymond PRATER, Administrator Ad Litem, Appellee.

Court of Appeals of Tennessee,
Western Section at Knoxville.

Dec. 1, 1970.

Certiorari Denied by Supreme Court
April 5, 1971.

Harris, Moon, Meacham & Franks, Chattanooga, for appellants.

Raymond A. Prater, Chattanooga, for appellee.

CARNEY, Judge.

The petitioners, Charles O. Hon, Jr., Margaret Hon Snodgrass, Elizabeth Hon Poynton, as the surviving adult descendants of Mary B. Hon along with Hamilton National Bank of Chattanooga and Charles O. Hon, Jr., as co-executors under the will of Mary B. Hon, deceased, have filed a petition for writ of error to review the action of the Chancellor in denying their intervening petition and rendering a judgment in favor of the respondent, Raymond Prater, administrator ad litem of the estate of Daniel B. Hon, deceased. More specifically, this case involves the construction of a clause in a deed reserving to the adult descendants of Mary B. Hon the right to purchase a lot in Chattanooga, Tennessee, at $1.00 more than any bonafide offer which the grantee or his successor might receive for said property. The petitioners exercised their right of purchase and agreed to pay $25,001 for the lot. They then filed an intervening petition in court insisting that since the $25,000 purchase price included a $2,500 real estate sales commission, they should be allowed to purchase the property for $22,501.

The original grantee, Daniel B. Hon, and his wife, Barbara. S. Hon, were owners as tenants by the entirety of the lot described as located on River Vista Drive in Chattanooga. They were divorced and became owners as tenants in common. They also owned another parcel of property known as 1514 Riverview Road, Chattanooga, which was not subject to the restrictive agreement referred to above.

The estate of Daniel B. Hon was being administered as an insolvent estate in Chancery Court. Mrs. Barbara Hon claimed $25,000 back alimony. Other creditors' claims and costs approximated $25,000.

The administrator ad litem, Raymond Prater, made an agreement with Barbara S. Hon, former wife of Daniel B. Hon subject to court approval to divide the property so as to give Barbara Hon title to the 1514 Riverview Road property and the administrator ad litem full title to the lot on River Vista Drive with the agreement that the River Vista Drive lot would be sold and proceeds used to pay creditors. The balance, if any, was to be paid to Mrs. Barbara Hon on the back alimony claim.

The administrator ad litem employed the services of Ferger Bros. Realty Company to advertise and find a purchaser for the lot at a price of not less than $25,000. The real estate broker was to receive a ten percent commission. The property was advertised for a period of twelve months during which time the intervening petitioners who owned property adjacent to the lot in question were consulted as potential purchasers. The intervening petitioners, Charles O. Hon, Jr., et al, mentioned their option to purchase under the restrictive clause and refused to make an offer saying that they preferred to wait and probably exercise

their option to purchase the lot for $1.00 more than the bonafide price being offered.

The real estate agent then obtained a bonafide offer in writing to purchase the property from Harry Berke at a total price of $25,000 accompanied by a tender of the purchase price. This contract was dated June 20, 1969. Thereupon on July 1, 1969, the intervening petitioners made the following offer in writing to purchase the property:

"To Raymond Prater, Administrator Ad Litem of the Estate of Daniel B. Hon

We, the undersigned, being the surviving adult descendants of Mary B. Hon, and The Hamilton National Bank of Chattanooga and Charles O. Hon, Jr., Coexecutors under the will of Mary B. Hon, will pay One Dollar ($1.00) more than the offer of Harry Berke dated June 20, 1969, made known to us June 23, 1969. The deed is to be made in the name of said Coexecutors and is to describe the same lands as in Book 1160, page 220 in the Register's Office of Hamilton County, Tennessee.

This 1st day of July, 1969. °

THE HAMILTON NATIONAL BANK OF CHATTANOOGA,
Coexecutor under the will of Mary B. Hon
By /s/ T. Hooke McCallie
_____
T. Hooke McCallie, Trust Officer

/s/ Charles O. Hon, Jr.
_____
Charles O. Hon, Jr., Individually, and as
Coexecutor under the will of Mary B. Hon

/s/ Elizabeth Hon Poynton
_____
Elizabeth Hon Poynton

/s/ Margaret Hon Snodgrass
_____
Margaret Hon Snodgrass

By E. K. Meacham
_____
HARRIS, MOON, MEACHAM & FRANKS"

———————◆———————

The real estate agent agreed to reduce his commission from $2,500 to $2,000 in order that the creditors of Daniel B. Hon exclusive of Mrs. Barbara Hon might be paid the full amount of their claims without interest. On August 29, 1969, the administrator ad litem filed his petition in the Chancery Court to confirm the sale of the real estate to intervening petitioners; to pay the creditors; and to close the estate.

On September 29, 1969, the intervening petitioners, Charles O. Hon, Jr., et al, tendered into court $22,501 as the full purchase price of the lot in question averring that the real estate agent was not entitled to a commission of $2,500 or to any other amount and that they were entitled to purchase the property for $1.00 more than the net amount to be received by the administrator ad litem after payment of the ten percent real estate commission.

The Chancellor denied the petition and confirmed the sale of the lot to the intervening petitioners-appellants herein at a total price of $25,001. He ordered the petitioners to pay the additional $2,500 into court as the balance of the purchase price. This order the petitioners-appellants alleged to be error.

A copy of the restrictive clause in the deed is as follows:

"4. In the event that the grantees herein desire to sell a part or the whole of this property to anyone other than the

descendants of grantor herein, said part or whole of said property must be first offered to the grantor herein and her adult descendants and then to all the owners of the said twenty-two and fifty-nine hundredths (22.59) acre, more or less, tract, exclusive of owners of lots in the subdivision in the northwest corner of said tract, at One Dollar ($1.00) above the bona fide price offered, and said offerees shall have ten (10) days to accept or reject said offer of sale, but this restriction will not apply to a conveyance to a trustee or mortgagee to secure an indebtedness or any subsequent purchaser from said trustee or mortgagee."

The petitioners-appellants, Charles O. Hon, Jr., et al, insist that the case is controlled by the ruling of this court, eastern section, in the case of Joe V. Williams, Jr., complainant-appellee v. Mrs. Gertrude Williams Gaston, et al, defendants-appellants, from the Chancery Court of Hamilton County announced September 10, 1958, unpublished. In the Williams case the appellee, Joe V. Williams, Jr., had an option to purchase a tract of land owned by his sister, Mrs. Gertrude Williams Gaston, in Chattanooga, Tennessee, under a deed from his mother which contained the following restrictive clause:

"If after the death of Grantor the Grantee shall at any time desire to sell the property herein conveyed. . . . . the said Gertrude Williams Gaston shall notify the other three children of Grantor Mrs. Annie Sholze Williams, to-wit, Robert S. Williams, Joe V. Williams, Jr., and Mrs. Margaret Williams Robbins, that said Gertrude Williams Gaston desires to sell, and she shall give them the name and address of the proposed purchaser, the price that has been offered, and shall accompany said notice by an affidavit of said Gertrude Williams Gaston that such prospective sale is bona fide, and that she intends to sell and convey said property at said price, unless said three named persons, or any one or more of them, desire to purchase the property at said price, and upon the terms offered by the prospective purchaser."

Mrs. Gertrude Williams Gaston, sister of Joe V. Williams, Jr., contracted through a real estate agent to sell her lot for $25,000 out of which she was to pay a real estate commission of $2,500. Joe V. Williams, Jr. filed suit in Chancery Court enjoining the sister, Gertrude Williams Gaston from selling the property and insisting upon his right to purchase the property at the net amount of $22,500. The real estate agent was made a party defendant along with Mrs. Gaston. The sister, Mrs. Gaston, was willing to pay the commission of $2,500 if the court sustained a purchase price of $25,000 but was unwilling to pay a commission if the complainant was entitled to buy the property for only $22,500.

The complainant Williams paid into court the full $25,000 and the lawsuit continued between Williams and the real estate agent. The Chancery Court held that complainant Williams was entitled to buy the property for $22,500 and that the real estate agent was not entitled to collect his fee because he was never able to complete the sale for Mrs. Gaston. This court affirmed the action of the lower court on the authority of Bewley & Rader Land Co. v. Whitaker, 29 Tenn.App. 106, 194 S.W.2d 244.

The facts in the case of Bewley & Rader Land Co. v. Whitaker are not similar to the facts in the case at bar. In the Bewley case there was a suit for real estate commission against a husband whose wife refused to join in the sale of property. The Court of Appeals held that since the real estate agent knew that the wife had not agreed to sell the property and he had not insisted on her joining in the contract of sale the agent could not recover under

the brokerage contract after the wife refused to sign the deed. However, the court did allow the real estate broker compensation on a quantum meruit basis.

In the case at bar we see no substantial difference between the restrictive clause contained in the deed in the Williams case and that contained in the case at bar quoted above. In principle the holding of the Chancellor below in the case at bar is contrary to the rationale and holding of the Court of Appeals in the case of Joe V. Williams v. Gertrude Williams Gaston.

In our opinion the ruling of the Chancellor below is more consistent with the equities of the case at bar and Williams v. Gaston should be limited to the facts of that case. We reach this conclusion upon the following circumstances which did not obtain in the Williams case: (1) In the case at bar the intervening petitioners were asked to make an offer on the property and they expressly refused to do so saying that they preferred to wait and probably exercise their option to pay $1.00 more than any bonafide offer. (2) After the administrator ad litem and the real estate agent had obtained a bonafide offer in writing to purchase the property at $25,000, the intervening petitioners submitted a counter offer in writing raising the price to $25,001 which offer was accepted by the administrator ad litem. (3) As found by the Chancellor the real estate agent rendered valuable services to the estate of Daniel Hon for which he was entitled to be compensated.

It would be inequitable to deny him compensation for his services. To sustain petitioners' claim to buy for $22,501 and to pay the real estate agent a fee out of this sum would be inequitable to the creditors of Daniel Hon.

The decree of the lower court is affirmed and the petition for writ of error is denied at the cost of the petitioners.

MATHERNE and NEARN, JJ., concur.